UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOHN SHOOPS,

        Plaintiff,                                                                                         No. 18-10444

v.                                                                                                        Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING IN PART THE
MAGISTRATE JUDGE'S FEBRUARY 14, 2019 REPORT AND
ACCEPTING AND ADOPTING HER RECOMMENDATION [26]**

**I.    Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying his applications for disability insurance and supplemental security income. The Court referred the matter to the Magistrate Judge, who recommends denying Plaintiff's motion for summary judgment, granting Defendant's motion for summary judgment, and affirming the Commissioner's decision. (Dkt. 26.) Plaintiff has filed two objections to the Magistrate Judge's report and recommendation, and Defendant has responded to those objections. (Dkts. 27, 28, 31.) Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections. With regard to Plaintiff's first objection, the Court agrees with the Magistrate Judge's conclusion but does so on alternative grounds. The Court agrees with the Magistrate Judge's analysis regarding

1

the remaining issues addressed in her report.  Therefore, the Court ACCEPTS AND ADOPTS IN PART the Magistrate Judge's report; ACCEPTS AND ADOPTS her recommendation; DENIES Plaintiff's motion for summary judgment (dkt. 13); GRANTS Defendant's motion for summary judgment (dkt. 17); and AFFIRMS the decision of the Commissioner of the Social Security pursuant to 42 U.S.C. § 405(g).

## II.     Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *See also* 28 U.S.C. § 636(b)(1).

## III.    Analysis

Plaintiff raises two objections to the Magistrate Judge's report and recommendation.  First, Plaintiff argues the Magistrate Judge erred when she found that he had waived his right to pursue an Appointments Clause challenge in this case.  Second, Plaintiff argues the Magistrate Judge erred when she found that the administrative law judge ("ALJ") had adequately explained her findings.

### A.  Whether Plaintiff Waived His Appointments Clause Challenge

In supplemental briefing before the Magistrate Judge, in September of 2018, Plaintiff raised for the first time an Appointments Clause challenge in this case.  His claim stems from the Supreme Court case of *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018) (opinion entered June 21, 2018), which held that ALJs of the Securities and Exchange Commission are "Officers of the United States" within the meaning of the

Appointments Clause and thus must be appointed by the President, a court of law, or department head. Because the ALJ in that case was not properly appointed and the plaintiff had raised a timely Appointments Clause challenge at the administrative level, the Supreme Court found he was entitled to relief in the form of a new hearing by a properly appointed ALJ. *Id.*

Relying on *Lucia*, Plaintiff argued that the ALJ who presided over his case was not appointed in a way consistent with the Appointments Clause, and thus the Court should remand this matter for a new hearing by a properly appointed ALJ. Defendant responded by arguing that Plaintiff had waived this claim by failing to raise it at the administrative level, noting, in part, that the Supreme Court itself had stated in *Lucia* that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *See id.* at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)).

The Magistrate Judge found that Plaintiff's Appointments Clause challenge in this case should be denied because he had failed to satisfy his burden of proving that the ALJ who presided over his hearing was unconstitutionally appointed. (Dkt. 26, Pg ID 1253.) The Magistrate Judge then went on to address the issue of whether Plaintiff also forfeited his claim by failing to raise it at the administrative level. Contrary to Plaintiff's assertions, the Magistrate Judge did not find in his favor on this point. Rather, after discussing the issue at length and recognizing that "the overwhelming majority of courts nationwide" are aligned with the position that Appointments Clause challenges not raised at the administrative level are untimely, (*see id.* at Pg ID 1257-58 (collecting cases)), the Magistrate Judge concluded that she "need not attempt to resolve this

issue," because Plaintiff waived his claim by failing to bring it in his initial brief filed in support of his motion for summary judgment, (*id.* at Pg ID 1259).

This Court, in another case, had the opportunity to consider the question of whether a plaintiff waives his Appointments Clause challenge by failing to raise it at the administrative level and decided to join the majority of courts that have answered this question in the affirmative. *See Ramsey v. Berryhill*, No. 17-13713, 2019 U.S. Dist. LEXIS 52640, at *7 (E.D. Mich. Mar. 28, 2019). That holding applies here. As in *Ramsey*, Plaintiff failed to raise, let alone develop, the argument pertaining to the appointment of the ALJ at any point during the administrative proceedings. *See also Hutchins v. Berryhill*, No. 18-10182, 2019 U.S. Dist. LEXIS 50180, at *7 (E.D. Mich. Mar. 26, 2019) (concluding that the plaintiff forfeited his Appointments Clause argument by failing to raise it "at *any* point during his administrative proceedings") (emphasis in original). Plaintiff failed to do so despite the circuit split being recognized several months prior to his case being heard by the ALJ in August of 2017 and considered by the Appeals Council. *See Page v. Comm'r of Soc. Sec.*, 344 F. Supp. 3d 902, 905, 905 n.4 (E.D. Mich. 2018) (noting that the plaintiff failed to raise the Appointments Clause issue despite the split in authority being acknowledged in December of 2016, which was prior to his application being considered by the Appeals Council). Thus, the Court finds that Plaintiff similarly forfeited and waived his Appointments Clause challenge.

Due to the Court's finding that Plaintiff's failure to raise his challenge at the administrative level is fatal to his claim, the Court need not address the Magistrate Judge's analysis regarding whether Plaintiff also waived this claim by failing to raise it in his motion for summary judgment. Nor does the Court need to discuss the substantive

issue of whether the ALJ in this case was unconstitutionally appointed.  In sum, the Court adopts the Magistrate Judge's conclusion that Plaintiff's Appointments Clause challenge is waived but does so based on his failure to raise it at the administrative level.

## B. Whether the ALJ Adequately Explained Her Findings

Plaintiff argues the Magistrate Judge erred when she found that the ALJ had adequately explained her findings in steps two and three of the five-step sequential analysis.  *See* 20 C.F.R. § 404.1520(a)(4).  The ALJ in this case had failed to delete the boilerplate instructions from the agency's decision template several times in her discussion of both of these steps.

In step two, the ALJ considers whether a claimant suffers from a severe impairment.  Here, the ALJ found that Plaintiff has the following severe impairments: history of vagus nerve dysfunction, heart disorder, history of foot injury (bilateral), depression, anxiety, and history of substance abuse.  (Tr. 166.)  In his motion for summary judgment, Plaintiff argued that the ALJ erred when she did not explain why she found these impairments severe and why she did not consider Plaintiff's remaining impairments—hypothyroidism, hypotension, bipolar disorder, chronic headaches, and neuropathy—severe.

The Magistrate Judge noted that Plaintiff did not cite to any authority requiring an ALJ to provide a certain amount or quality of explanation at step two.  (Dkt. 26, Pg ID 1236.)  And even if the ALJ's failure to include an explanation was erroneous, the Magistrate Judge found that error harmless because the ALJ went on to consider all of Plaintiff's impairments in her discussion of Plaintiff's residual functional capacity ("RFC")

at step four. (*See* tr. 168-172.) Plaintiff now objects, arguing that the ALJ did not properly consider the limitations stemming from his non-severe impairments.

As the Magistrate Judge noted, however, Plaintiff bears the burden of proving that he has a more restrictive RFC than that assessed by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). Here, Plaintiff did not indicate what additional functional limitations his non-severe impairments impose. Moreover, the ALJ concluded that Plaintiff only retains the ability to perform sedentary work, (tr. 168), which is the most restrictive of the physical exertional levels, *see* 20 C.F.R. §§ 404.1567, 416.967. The ALJ also placed the following restrictions on Plaintiff's RFC: he is limited to lifting/carrying and pushing/pulling up to 10 pounds occasionally and less than 10 pounds frequently and is limited to sitting up to 6 hours and standing/walking up to 2 hours during an 8-hour workday; he requires the opportunity to alternate, at will, between sitting for 15 minutes and standing for 5 minutes throughout the day; he is able to climb ladders, ropes, or scaffolds occasionally and stoop and crouch frequently; he is never able to work at unprotected heights or with moving mechanical parts; and he is limited to simple, routine tasks and simple work-related decisions. (Tr. 168.) Thus, the Court agrees that any error in step two was harmless.

In step three, the ALJ considers the medical severity of the impairments. Here, the ALJ found that Plaintiff's mental impairments posed only mild to moderate limitations. (Tr. 167.) Plaintiff argues that the ALJ's failure to cite to the evidence to explain how she reached these findings precludes meaningful judicial review.

The Magistrate Judge recognized that the ALJ's explanations of her step three findings were not "models of excellence," but did not find them so deficient as to

preclude meaningful review. (Dkt. 26, Pg ID 1240, 1242.) As the Magistrate Judge noted, the Sixth Circuit has upheld an ALJ's step three discussion, even though the analysis was sparse, in part because "the ALJ made sufficient factual findings elsewhere in his decision to support his conclusion at step three." *See Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 365-66 (6th Cir. 2014). Here, the ALJ's discussion of the record evidence in assessing Plaintiff's RFC explained and clarified her step three findings that Plaintiff's mental impairments pose only mild to moderate limitations. For example, the ALJ explained that Plaintiff's symptoms improved after receiving two rounds of inpatient mental health treatment in 2015. (Tr. 170.) Moreover, the ALJ's findings were consistent with the opinion of the state agency psychologist, which the ALJ accorded great weight. (Tr. 172.) In sum, the Court agrees that the ALJ adequately explained her step three findings.

## IV.    Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections. The Court ACCEPTS AND ADOPTS IN PART the Magistrate Judge's report and ACCEPTS AND ADOPTS her recommendation. The Court therefore DENIES Plaintiff's motion for summary judgment (dkt. 13); GRANTS Defendant's motion for summary judgment (dkt. 17); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: March 29, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2019, by electronic and/or ordinary mail.

        <u>s/Lisa Bartlett</u>
        Case Manager