UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOHN SHOOPS,

           Plaintiff,                          No. 18-10444

v.                                        Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

           Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [42]**

The matter is before the Court on Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").  (ECF No. 42.)  Defendant opposes the motion.  (ECF No. 43.)  Plaintiff has filed a reply, (ECF No. 44), and Defendant has filed a sur-reply, (ECF No. 46).  The Court finds that the facts and legal arguments are adequately presented in the motion and briefs and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Plaintiff's motion will be resolved without oral argument.  For the reasons set forth below, the Court DENIES Plaintiff's motion for attorney fees.

**I.**      **Background**

On September 18, 2017, the administrative law judge ("ALJ") issued a decision denying Plaintiff's applications for disability insurance and supplemental security income.  (ECF No. 11-3, PageID.193-203.)   On January 8, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner of Social

Security's final decision for purposes of appeal.  (ECF No. 11-2, PageID.29-32.)  On February 7, 2018, Plaintiff filed this action seeking judicial review of that decision.  (ECF No. 1.)  In his motion for summary judgment, Plaintiff argued the underlying decision was deficient and should be reversed.  (ECF No. 13.)  But after briefing on the parties' cross-motions for summary judgment was complete, on September 20, 2018, Plaintiff filed a supplemental brief, arguing the ALJ who presided over his hearing was not constitutionally appointed based on *Lucia v. SEC*, 138 S. Ct. 2044, 2049 (2018), which held that ALJs of the Securities and Exchange Commission are "Officers of the United States" within the meaning of the Appointments Clause of the Constitution.  (ECF No. 20.)  In a response filed on October 4, 2018, Defendant argued Plaintiff's Appointments Clause challenge was forfeited because it was not presented to the agency in the administrative process.  (ECF No. 21.)  In so doing, Defendant noted that in *Lucia*, the Supreme Court had stated that "one who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief."  *See Lucia*, 138 S. Ct. at 2055 (internal quotation marks and citation omitted) (emphasis added).

The Magistrate Judge recommended rejecting Plaintiff's arguments and affirming the Commissioner's decision.  (ECF No. 26.)  With regard to the Appointments Clause challenge, the Magistrate Judge recognized that "the overwhelming majority of courts nationwide" were aligned with Defendant's position that such challenges not raised at the administrative level are untimely, (*id.* at PageID.1257), but ultimately found there was no need to resolve this issue because Plaintiff had waived it by failing to bring it in his initial brief, (*id.* at PageID.1259).  This Court ultimately adopted the Magistrate Judge's recommendation to affirm the Commissioner's decision, but did so on alternate grounds

2

with regard to the Appointments Clause challenge—the Court relied on its holding in another case in which it joined the majority of courts that had found that a plaintiff waives such a challenge by not raising it at the administrative level.  (ECF No. 33, PageID.1372.)

Plaintiff appealed this Court's decision, and after his appeal was consolidated with a number of other appeals raising the same issue, the Sixth Circuit, in a 2-1 decision, reversed and remanded this case to the Social Security Administration for a new hearing before an ALJ other than the ALJ who presided over his original hearing.  *See Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 547 (6th Cir. 2020).  In its decision, the Sixth Circuit noted that the Third Circuit had held that issue exhaustion of an Appointments Clause challenge is not required in Social Security proceedings, *see Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 159 (3d Cir. 2020), while the Tenth and Eighth Circuits had disagreed, *see Carr v. Comm'r of Soc. Sec.*, 961 F.3d 1267, 1276 (10th Cir. 2020), and *Davis v. Comm'r of Soc. Sec.*, 963 F.3d 790, 795 (8th Cir. 2020), but ultimately found *Cirko* the most persuasive opinion.  *See Ramsey*, 973 F.3d at 540.  The Sixth Circuit stayed issuance of the mandate, and Defendant filed a petition for certiorari.  (6th Cir. Case No. 19-1586, Doc Nos. 75, 76.)  On April 22, 2021, the Supreme Court resolved the circuit split, holding that a social security claimant may raise an Appointments Clause challenge for the first time in court.  *See Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021).  Plaintiff then filed an unopposed motion for issuance of mandate and remand, and the Sixth Circuit granted that motion and issued the mandate.  (6th Cir. Case No. 19-1586, Doc Nos. 78, 79, 80.)  Plaintiff now moves this Court for an award of $27,007.40 in attorney fees.[1]

---

[1] Plaintiff requests $26,472.60 in attorney fees in his motion and seeks an additional $534.80 in his reply.

## II.    Legal Standard

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The question of whether the position of the United States was "substantially justified" is answered with regard to not only the civil action, but also the administrative decision upon which the civil action is based.  *See* § 2412(d)(2)(D).  Substantial justification under the EAJA is defined as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In other words, the position must have had a "reasonable basis both in law and fact."  *Id.*  This means "more than merely undeserving of sanctions for frivolousness," *id.* at 566, "[b]ut a position can be justified even though it is not correct," *id.* at 566 n.2.  Defendant bears the burden of proving that a given position was substantially justified.  *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014).

## III.    Analysis

Defendant does not dispute that Plaintiff is a prevailing party in this matter. Defendant argues, however, that Plaintiff is not entitled to attorney fees because Defendant's position was substantially justified.  The Court agrees.[2]

---

[2] To the extent Plaintiff attempts to recharacterize Defendant's argument as a special circumstances defense and then asserts Defendant has waived any such defense, the Court rejects this argument.  The Court finds Defendant has properly asserted a substantial justification defense.  And because the Court resolves the question of substantial justification in favor of Defendant, it need not address whether there are

When considering whether a position is substantially justified, courts "focus on the merits of that position," but "objective indicia of reasonableness—such as a dissenting opinion, the views of other courts, a string of losses, or a string of successes—may be relevant" to this inquiry as well. *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (internal quotation marks and citations omitted). Ultimately, courts must "distinguish between cases in which the government lost because it vainly pressed a position flatly at odds with the controlling case law and cases in which the government lost because an unsettled question was resolved unfavorably." *Id.* at 564 (internal quotation marks and citations omitted).

As a threshold matter, the Court notes the issue here is whether Defendant was substantially justified in arguing Plaintiff forfeited his Appointments Clause challenge by failing to raise it at the administrative level.[3] Thus, Plaintiff's arguments regarding the merits of the underlying challenge and the alleged violation of his constitutional rights are inapposite.

Plaintiff did not claim at any point during the administrative process that the ALJ was not properly appointed. Because Defendant did not have an obligation to raise the issue sua sponte, Defendant acted reasonably at the administrative level. With regard to Defendant's litigation position, at the time Defendant first raised the forfeiture argument

---

special circumstances that would make an award of fees unjust or whether the fees requested are reasonable.

[3] The issue of whether Defendant was substantially justified in defending the ALJ's underlying determination is not before the Court. The Magistrate Judge had recommended affirming that decision, and this Court agreed. (ECF No. 33.) Plaintiff later voluntarily withdrew his challenge to the merits of that determination before the Sixth Circuit. (6th Cir. Case No. 19-1586, Doc No. 58.)

before this Court, neither the Sixth Circuit nor the Supreme Court had ruled on the issue of whether an Appointments Clause challenge must be raised before the ALJ and numerous lower courts had made rulings consistent with Defendant's position.  (*See* ECF No. 26, PageID.1257.)  And while the Sixth Circuit eventually found in favor of Plaintiff, it did so over Judge Siler's dissent.  *See Ramsey*, 973 F.3d at 547-48.  Also, both the Tenth and Eighth Circuits issued decisions agreeing with Defendant's argument that a plaintiff forfeits an Appointments Clause challenge not raised at the administrative level.  *See Carr*, 961 F.3d at 1276; *Davis*, 963 F.3d at 795.  This "string of successes," the dissent from the Sixth Circuit, and the views of a majority of district courts all support a finding that Defendant's position was substantially justified.  *See Griffith*, 987 F.3d at 563.

Plaintiff argues Defendant only obtained a string of successes after making a misrepresentation of law regarding Social Security regulations.[4]  But the Court finds Defendant did not make any misrepresentations or argue the regulations include a forfeiture rule.  And contrary to Plaintiff's suggestion, this issue had not been resolved in *Sims v. Apfel*, 530 U.S. 103 (2000).  There, the Supreme Court held that claimants do not need to exhaust issues before the Appeals Council to obtain judicial review of those claims, *id*. at 112, and explicitly noted that "[w]hether a claimant must exhaust issues before the ALJ is not before us," *id*. at 107.  In fact, while the Supreme Court in *Carr* found that "[m]uch of what the *Sims* opinions said about Appeals Council review applies equally to ALJ proceedings," the Court agreed with Defendant that there are "several differences

---

[4] The insinuation that Defendant succeeded in misleading this Court and other courts is not well taken.

6

that may make ALJ hearings relatively more adversarial."[5]  *Carr*, 141 S. Ct. at 1359-60.

Thus, Defendant's argument had a reasonable basis in law and fact and was not "flatly at

odds with the controlling case law."[6]  *See Griffith*, 987 F.3d at 563-64.

Plaintiff cites to three cases from the Eastern District of Pennsylvania that have

found in favor of claimants on this issue, but the Court does not find those cases

persuasive.  For example, in *Byrd v. Saul*, 469 F. Supp. 3d 351, 355 (E.D. Pa. 2020), the

court found Defendant's position not substantially justified based primarily on *Sims*.  But

as discussed above, *Sims* did "not dictate the answer" to the question of whether a

claimant must exhaust issues before the ALJ.  *See Cirko*, 948 F.3d at 155.  Moreover,

numerous other courts, including in that same district and in this circuit, have found that

Defendant's position was substantially justified.  *See, e.g.*, E.D. Mich. No. 18-11042, ECF

Nos. 48, 51; *Rager v. Saul*, No. 1:19-CV-00140-H, 2021 U.S. Dist. LEXIS 20566, at *10

(W.D. Ky. Feb. 2, 2021); *Rich v. Comm'r of Soc. Sec.*, 477 F. Supp. 3d 388, 398-99 (E.D.

Pa. 2020); *see also Flynn v. Saul*, No. 19-0058, 2021 U.S. Dist. LEXIS 116898, at *13

(E.D. Pa. June 22, 2021) (noting "the majority of judges in the Eastern District of

Pennsylvania agree with this Court's finding that the Commissioner's litigation position

was substantially justified") (listing cases).

---

[5] The degree to which an ALJ hearing is adversarial was relevant because "the rationale for requiring issue exhaustion is at its greatest when the parties are expected to develop the issues in an adversarial administrative proceeding, but the reasons for a court to require issue exhaustion are much weaker when an administrative proceeding is not adversarial."  *See Carr*, 141 S. Ct. at 1359 (internal quotation marks and citation omitted).

[6] Plaintiff also argues that Defendant's argument was contrary to Social Security Ruling 19-1p, 2019 SSR LEXIS 1 (March 15, 2019).  But that ruling is inapplicable because it "explains how [Defendant] will adjudicate cases pending at the Appeals Council in which the claimant has raised a timely challenge to the appointment" of the ALJ, *id.* at *1, and Plaintiff did not make such a challenge.

In sum, the Court finds this to be a case in which the government lost because an unsettled question of law was resolved unfavorably.  Thus, Defendant's position was substantially justified, and Plaintiff is not entitled to attorney fees under the EAJA.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion for attorney fees is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 10, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager